UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN V. MARZELLA,

               Plaintiff,

vs.                                    Case No.   2:05-cv-591-FtM-29SPC

EMBARQ FLORIDA, INC.,

               Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Reconsideration/Motion to Amend Judgment (Doc. #49) and Plaintiff's Motion for Leave to Supplement Record (Doc. #50), both filed on August 3, 2007. Defendant has filed Memoranda of Law (Docs. #53, 54) opposing both motions.

**I.**

The Court accepts plaintiff's representation that the deposition transcripts were not filed with his original opposition memorandum because of an administrative oversight in counsel's office. Finding no prejudice to defendant, the Court will grant Plaintiff's Motion for Leave to Supplement Record (Doc. #50).

**II.**

In its Opinion and Order (Doc. #46), the Court granted defendant's motion for summary judgment in this Family and Medical Leave Act (FMLA) retaliation case. The determinative issue was the

causal connection between plaintiff's FMLA leave and his termination approximately six weeks later. The Court recognized that close temporal proximity between the protected conduct and the adverse employment action was generally sufficient to create a genuine issue of material fact regarding causal connection. (Doc. #46, p. 8.) The Court found it unnecessary to decide if six weeks was close enough in time to satisfy this general rule because an exception to the rule was applicable. (Id. at pp. 8-9.) The exception exists where there is unrebutted evidence that the decision maker did not have knowledge that the employee engaged in protected conduct. (Id. at p. 9.) The Court found it factually undisputed that Earl Elwood and Mary Resto were not the decision makers as to the termination, and that the actual decision makers -- Colby F. Gilson and Louis Carrion -- were unaware of plaintiff's FMLA leave activity. (Id. at pp. 9-10.)

Plaintiff's Plaintiff's Motion for Reconsideration/Motion to Amend Judgment asserts that the Court's decision was "a manifest error of law." (Doc. #49, p. 3.) Plaintiff points to non-FMLA cases which recognize a "cat's paw" or "rubber stamp" exception to the no-knowledge-by-decisionmaker exception, asserts that Elwood was the *de facto* decision maker, and asserts that Gilson and Carrion were the cat's paws for Elwood's prejudice.

While plaintiff cites no binding authority applying the concept to FMLA cases, the Court is willing to assume the validity of such a theory of causation in FMLA cases because the Eleventh

Circuit has recognized it in the context of Title VII employment discrimination cases and age discrimination cases. Wright v. Southland Corp., 187 F.3d 1287, 1304 n.20 (11th Cir. 1999); Stimpson v. City of Tuscaloosa, 186 F.3d 1328, 1331-32 (11th Cir. 1999); Llampallas v. Mini-Circuits Lab, Inc., 163 F.3d 1236, 1249 (11th Cir. 1998). "This [cat's paw] theory provides that causation may be established if the plaintiff shows that the decisionmaker followed the biased recommendation without independently investigating the complaint against the employee. In such a case, the recommender is using the decisionmaker as a mere conduit, or 'cat's paw' to give effect to the recommender's discriminatory animus." Stimpson, 186 F.3d at 1332.

Plaintiff has shown sufficient facts to allow a reasonable jury to find Elwood made a biased termination recommendation based on the FMLA request. (Doc. #49, pp. 4-5.)  Plaintiff has not shown any facts, however, which would allow a reasonable jury to bring the case within the "cat's paw" theory of causation.  Plaintiff's current motion (Doc. #49, p. 5) cites only to those facts previously relied upon in his memorandum opposing summary judgment (Doc. #45).  The record establishes that Carrion was the ultimate decision maker; that after Resto went to Gilson for guidance, it was Gilson who agreed that dismissal was appropriate and directed the creation of a memorandum; that Resto was the one who pulled together plaintiff's history; that the matter was reviewed with defendant's legal department; that plaintiff's entire disciplinary

history was reviewed by Carrion; and that neither Gilson nor Carrion knew of plaintiff's FMLA activity. (See Docs. #33, #34.) Accordingly, while the Court has reconsidered its decision in light of the newly submitted depositions and arguments, the Court's findings and conclusion in the Opinion and Order remain unchanged.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Motion for Reconsideration (Doc. #49) is **GRANTED** to the extent the Court will consider the issues and evidence raised in the motion. Having reconsidered the matter, the Court finds no reason to change its decision granting summary judgment for defendant.

3. Plaintiff's Motion to Amend Judgment (Doc. #49) is **DENIED**.

4. Plaintiff's Motion for Leave to Supplement Record (Doc. #50) is **GRANTED.**

**DONE AND ORDERED** at Fort Myers, Florida, this  10th  day of September, 2007.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record